UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.                          4:99-cr-001

DERRELL GAULDEN,

Defendant.

## ORDER

On March 29, 2012, Derrell Gaulden filed a notice of appeal of this Court's March 6, 2012 denial of his motion to reduce sentence. *See* ECF Nos. 300; 306. Although Gaulden untimely filed that appeal, he did so within thirty days after the expiration of the appeal period. *See* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009). The Eleventh Circuit therefore construed his notice of appeal as a motion for extension of time and remanded the proceedings to this Court for a determination as to whether excusable neglect or good cause exist for Gaulden's untimeliness. *See* ECF No. 345; Fed. R. App. P. 4(b)(4). The Court now decides that issue.

Derrell and his brother Terrell are accomplished—at least in terms of quantity of filings, if not the success of the same—litigators. Since his conviction in 1999 on narcotics charges, Gaulden has inundated this Court with filings in both this case and the associated habeas proceedings. Perhaps most pertinent, Gaulden has timely appealed many of this Court's orders. *See, e.g.*, ECF No. 352 (appealing an order denying Gaulden's motions to appoint counsel, to compel, and motion for hearing).

Gaulden's appeal of this Court's March 6, 2012 denial of a motion to reduce sentence, however, came a minimum of three days after the fourteen day appeal period prescribed by Federal Rule of Appellate Procedure 4(b).[1] Neither in the notice of appeal itself, ECF No. 305, nor any subsequent filing has Gaulden offered any reason—excusable, reasonable, or otherwise—for his late filing. The Court declines to imply one and so determines Gaulden untimely appealed without any excusable neglect or good cause to mitigate his lack of punctuality.

The Clerk is **ORDERED** to forward a copy of this Order to the Eleventh Circuit for inclusion with Appeal Number 12-11701-FF.

This ⟨3⟩ day of July 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In his notice of appeal, Gaulden claims to have received the order denying his motion to reduce sentence on March 9, 2012. ECF No. 306 at 4. Measuring from that date, Gaulden had until March 23, 2012 to place his notice of appeal in the hands of prison authorities. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring the filing of notices of appeal within fourteen days of entry of the order being appealed); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (holding that pro se prisoner filings are deemed filed on the day they are delivered to prison authorities). But Gaulden did not give the notice of appeal to prison authorities until at least March 26, 2012—the date he signed the certificate of service accompanying the notice. *See* ECF No. 306 at 6.